**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK SOJKA and STEPHANIE SOJKA, on behalf of plaintiffs and the class members described below, | ) ) ) | |
| | ) | 14-cv-770 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Hon. Judge Sharon Johnson Coleman Magistrate Judge Jeffrey Cole |
| | ) | |
| LOYALTY MEDIA LLC d/b/a LOYALIST; VANA PROPERTIES LLC; and JOHN DOES 1-10, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiffs Mark Sojka and Stephanie Sojka bring this action to secure redress for the actions of defendants Loyalty Media LLC d/b/a Loyalist, Vana Properites LLC, and John Does 1-10 in sending or causing the sending of unsolicited text message calls ("spam") to cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2.      In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of spam to pay for it, the TCPA prohibits automated text messages to cellular phones.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

4.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that:

    a.      Defendants have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

1

       b.     Defendants have transacted business in Illinois.

5.     Venue in this District is proper for the same reason.

## PARTIES

6.     Plaintiffs Mark Sojka and Stephanie Sojka are individuals who reside in the Northern District of Illinois.

7.     Defendant Loyalty Media LLC is a Delaware limited liability company with its principal offices at 2326 Sandpiper Dr., Lafayette, CO 80026. Its registered agent is Ryan L. Bumgarner. It does business as Loyalist.

8.     Defendant Vana Properties LLC is a Delaware limited liability company with principal offices at 4407 S. Hampton Circle, Boulder, CO 80301.

9.     Defendant Vana Properties LLC has a franchise agreement with Papa Murphy's International, LLC (Exhibit A).

10.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the text message calls described below.  Plaintiffs do not know who they are.

## FACTS

11.     On October 22, 2013, at 2:43 pm plaintiffs Mark Sojka and Stephanie Sojka received an unsolicited text message on plaintiffs' cellular telephone, from 303-500-5218.

12.     The text of the message was as follows:

       Papa Murphy's $10 Tuesday Deal!  Today 10/22 only, get ANY Pizza, ANY size for only $10!  Pick up a salad and sides, too!  MsgDataRatesMayApply. STOP to end.

An image is attached as Exhibit B.

13.     On October 27, 2013, at 3:03 pm plaintiffs Mark Sojka and Stephanie Sojka received an unsolicited text message on plaintiffs' cellular telephone from 303-500-5218.

14.     The text of the message was as follows:

       Papa Murphy's Pro Football Today!  Any Lge Pizza for $10, up to 5 toppings.

Excludes Stuffed Pizzas 10/27 only.  Show this text.  MsgDataRatesMayApply. STOP to end

An image is attached as <u>Exhibit C</u>.

15.     On October 31, 2013, at 12:56 pm plaintiffs Mark Sojka and Stephanie

Sojka received an unsolicited text message on plaintiffs' cellular telephone from 303-500-5720.

16.     The text of the message was as follows:

Papa Murphy's Halloween Special!  Large Jacko Lantern for $7. MsgDataRatesMayApply. STOP to end

An image is attached as <u>Exhibit D</u>.

17.     On November 5, 2013, at 4:52 pm plaintiffs Mark Sojka and Stephanie

Sojka received an unsolicited text message on plaintiffs' cellular telephone from 303-500-5219.

18.     The text of the message was as follows:

Papa Murphy's $10 Tuesday Deal!  Today 11/5 only, get ANY Pizza, ANY size for only $10!  Pick up a salad and sides, too!  MsgDataRatesMayApply. STOP to end

An image is attached as <u>Exhibit E</u>.

19.     On information and belief, the number 303-500-5720 is used by Loyalty Media

LLC doing business as Loyalist.  (<u>Exhibit F</u>)

20.     On information and belief, 303-500-5719 is used by Loyalty Media LLC doing

business as Loyalist.

21.     On information and belief, 303-500-5718 is also used by Loyalty Media LLC

doing business as Loyalist.

22.     Discovery may reveal additional text message calls as well.

23.     Defendants are responsible for making or causing the making of the text message

calls.

24.     Plaintiffs had no prior relationship with defendants and had not authorized the

calls.  Plaintiffs had not provided defendants  with their cell phone number.

25.     On information and belief, defendants have made unsolicited text message calls

to cellular telephones of at least 40 other persons in Illinois.

26.     There is no reasonable means for plaintiffs or other recipients of defendants' text message calls to avoid receiving them.

27.     The TCPA, 47 U.S.C. § 227, prohibits unsolicited text message calls to cell phones:

> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–  * * ***
>
> > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

## COUNT I – TCPA

28.     Plaintiffs incorporate ¶¶ 1-27.

29.     The TCPA,  47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

30.     Plaintiffs and each class member suffered damages as a result of receipt of the unsolicited text message calls, in that they were required to pay for such receipt, either on a per message basis or because the receipt counted against the number of minutes or messages they pay for.  Furthermore, plaintiffs' statutory right of privacy was invaded.

31.     Plaintiffs and each class member is entitled to statutory damages.

32.     Defendants violated the TCPA even if their actions were only negligent.

33.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

34.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class.

35.     The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent text message calls by defendants (d) with respect to whom defendants have no evidence of express consent.

36.     The class is so numerous that joinder of all members is impractical.  Plaintiffs allege on information and belief that there are more than 40 members of the class.

37.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a.     Whether defendants engaged in a pattern of sending automated text message calls;

    b.     Whether defendants thereby violated the TCPA.

38.     Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

39.     A class action is an appropriate method for the fair and efficient adjudication of

5

this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

40.    Several courts have certified class actions under the TCPA.  Telephone call and text message cases include:  *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir.  2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Fax cases include:    Fax cases include:  *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276,  2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield*

*Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

41.　　Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

　　　　a.　　Actual damages;

　　　　b.　　Statutory damages;

　　　　c.　　An injunction against further text message calls to cellular telephones;

　　　　d.　　Costs of suit;

　　　　e.　　Such other or further relief as the Court deems just and proper.

### COUNT II – ICFA

42.　　Plaintiffs incorporate ¶¶ 1-27.

43.　　Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making automated text message calls to the cellular telephones of plaintiffs and others.

44.　　Such calls are contrary to the TCPA and also Illinois public policy.

45.　　Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients.

46.　　Plaintiffs and each class member suffered damages as a result of receipt of the unsolicited text message calls.

47.　　Defendants engaged in such conduct in the course of trade and commerce.

48.　　Defendants' shifting of  costs to plaintiffs and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA.

49.　　Defendants should be enjoined from committing similar violations in the future.

7

## CLASS ALLEGATIONS

50.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class.

51.     The class consists of (a) all persons with Illinois phone numbers (b) who, on or after a date 3 years prior to the filing of this action, (c) were sent text message calls by defendants, (d) with respect to whom defendants have no evidence of express consent.

52.     The class is so numerous that joinder of all members is impractical.  Plaintiffs allege on information and belief that there are more than 40 members of the class.

53.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether defendants engaged in a pattern of sending automated text message calls.

      b.     Whether defendants thereby violated the TCPA;

      c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the IFCA.

54.     Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

55.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

56.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

a.      Appropriate compensator and punitive damanges;

b.      An injunction against further text message calls to cellular telephones;

c.      Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems just and proper.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Rebecca A. Cohen
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)