# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK SOJKA and STEPHANIE SOJKA, on behalf of plaintiffs and class members, <br><br> Plaintiffs, <br><br> v. <br><br> LOYALTY MEDIA LLC d/b/a LOYALIST, VANA PROPERTIES LLC and JOHN DOES 1-10, <br><br> Defendants. | Case No. 14-cv-770 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mark Sojka and Stephanie Sojka, husband and wife (the "Sojkas"), filed a two-count amended complaint against Loyalty Media, LLC d/b/a Loyalist ("Loyalist"), Vana Properties, LLC ("Vana") and John Does 1-10, alleging defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2, by sending unsolicited text messages to the Sojkas' joint cell phone. Loyalty and Vana separately move to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons stated below, the Court grants the motions and dismisses the complaint.

**Background**

Viewed in the Sojkas favor, the relevant facts are as follows. Loyalist is a Delaware corporation with its principal place of business in Lafayette, Boulder County, Colorado. Loyalist provides technology, specifically, point-of-sale, countertop computer tablets and software, for small businesses to administer their customer loyalty programs. Customers participate in a business' loyalty program by entering an email address or cell phone number into a tablet at that

business in order to receive messages about incentives such as coupons, discounts and advertising specials. Loyalist contracts exclusively with Boulder County, Colorado carryout restaurants whose promotions are redeemable only at the restaurants' Boulder County locations. Loyalist does not have any business contacts, clients or vendors in Illinois, nor does it market its services to Illinois businesses.

Loyalist contracts with Vana to administer a customer loyalty program for its three Papa Murphy's pizza shops, all located in Boulder County. Vana is a Delaware corporation with its principal place of business in Boulder, Colorado. It operates its pizza shops in Boulder County and does not have business contacts or vendors in Illinois or market its products in Illinois. Papa Murphy's sells take and bake pizzas to walk-in customers; it does not deliver or ship its pizzas. The Papa Murphy's customer loyalty program is voluntary and customers enroll by entering a mobile phone number on a tablet located in one of the pizza shops. Enrolled customers may opt out if they no longer want to participate in the program. Loyalist provides the tablets and software and sends text message promotions to customers enrolled in Papa Murphy's loyalty program.

The Sojkas are residents of Illinois. On twenty-one occasions between October 18, 2013, and December 31, 2013, the Sojkas received text messages on their joint cell phone offering various Papa Murphy's pizza promotions. The Sojkas cell phone prefix is "630," an area code that covers portions of Chicago, Illinois' near and far western suburbs. The text messages were received from four different numbers with "303" area codes, one of which is a contact number for Loyalist. The first message, received October 18, 2013, at 6:42 p.m. read, "Welcome| Log on to www.loyalist.us with 6308414580 as your username and pw to track rewards. Reply w email to complete registration. Reply STOP to opt out." (Pl. Br. at 2, App. 1 to Dkt. #41.) The second

2

message, also received October 18, 2013, at 6:42 p.m. read, "Thank you for visiting Papa Murphy's North Boulder, you've just earned $0.60, new balance, $0.60." (*Id.*) The Sojkas had not provided Papa Murphy's with their cell phone number. Mrs. Sojka has never been to Colorado and Mr. Sojka did not travel to Colorado in 2013.

**Legal Standard**

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *See, e.g.*, *Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 875 (7th Cir. 2006). The court may look to affidavits and exhibits submitted by the parties to assess whether it may exercise personal jurisdiction over the defendant, resolving conflicts in the supporting material in favor of the plaintiff. *Purdue Research Foundation v. Sanofi-Synthelab, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When determining whether the plaintiff has met the burden of establishing jurisdiction, allegations in the complaint are taken as true unless controverted by the defendant's affidavits or exhibits. *Id.*

**Discussion**

The Sojkas seek relief, at least in part, under the TCPA. The Court has personal jurisdiction over defendants if either federal law or the law of Illinois authorizes service of process. *KM Enter., Inc. v. Global Traffic Tech.*, 725 F.3d 718, 723 (7th Cir. 2013). The TCPA does not authorize nationwide service of process in private actions. 47 U.S.C. § 227; *Creative Montessori Learning Ctr. v. Ashford Gear, LLC*, No. 09 C 3963, 2010 WL 3526691, at *2 (N.D. Ill. Sept. 2, 2010) (Gettleman, J.). Therefore, this Court may exercise personal jurisdiction over defendants only if authorized under Illinois law. *KM Enter., Inc.*, 725 F.3d at 723. The Illinois long-arm statute provides for personal jurisdiction on any basis permitted by the Illinois and the

3

United States Constitutions. 735 ILCS 5/2-209(c). Although the state and federal standards for due process are not identical, there is no operative difference between the limits imposed under the Illinois Constitution and the federal limitations on personal jurisdiction. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714 (7th Cir. 2002). Accordingly, the Court will proceed directly to the federal due process analysis. *Id.*

Under the due process clause of the Fourteenth Amendment, an out-of-state defendant is subject to personal jurisdiction if the defendant had "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Felland v. Clifton*, 682 F.3d 665, 672-73 (7th Cir. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945)). Each defendant must have purposely established minimum contacts such that he or she should reasonably anticipate being haled into court in the forum state. *Id.* Personal jurisdiction may be either general or specific, depending on the extent of the defendant's contacts with the state. *Mobile Anesthesiologists*, 623 F.3d at 443-444. The Sojkas do not assert, and the evidence does not support, a claim of general jurisdiction over defendants in Illinois. Instead the Sojkas argue that specific personal jurisdiction exists over defendants because they knowingly sent text messages to the Sojkas' mobile phone which has an Illinois area code.

Specific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities. *Mobile Anesthesiologists*, 623 F.3d at 444. While a single act can support specific jurisdiction so long as it creates a "substantial connection" with the forum, a defendant does not consent to jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of

4

another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citations omitted). The defendant must engage in additional purposeful conduct that shows the intent to serve the market of the forum state. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L.Ed.2d 92 (1987). This behavior includes designing the product for the market in the forum state, advertising in the form state, establishing channels for providing regular advice to customers in the forum state, or marketing the product through a distributor who has agreed to serve the sales agent in the forum state. *Id.*

Here, defendants have not purposefully availed themselves of the Illinois forum because neither markets to or solicits sales in Illinois, or sells its services or products to Illinois customers. Vana sells "take 'n' bake" pizzas to walk-in customers out of its Boulder County, Colorado Papa Murphy's shops. It does not deliver or ship the unbaked pizzas and thus it is not reasonably foreseeable that Vana would expect to reach customers as far away as Illinois. Moreover, Vana's customer loyalty program allowed only for cell phone numbers to be entered by patrons who were physically present in the Colorado shops and the promotions were redeemable only in Boulder County, Colorado. Loyalty sent promotional text messages to the numbers that had been entered in the tablets at the Papa Murphy's shops, knowing that the promotions were redeemable only at the restaurants' Boulder County locations. Thus, patrons who signed up for Papa Murphy's loyalty program with their cell phone numbers are customers who want to receive promotions to use in Boulder County, Colorado, regardless of their cell phone number prefix. Accordingly, the debt collection and bulk fax advertising cases that the Sojkas cite are clearly distinguishable. (Pl. Br. at 4-5.) In those cases, the defendants knowingly and purposefully directed their calls, letters and faxes to the forum state for the purpose of

5

collecting debts from or advertising to persons in the forum state.

The Sojkas contend, however, that the text messages sent to them as Illinois residents on their cell phone with an Illinois prefix is activity directed at Illinois. They further contend that the texts were unsolicited although the evidence they provide reflects that on October 18, 2013, the Sokja's cell phone number was entered into the customer loyalty program during a visit to Papa Murphy's North Boulder shop. While it remains unresolved how the Sokja's number entered the customer loyalty database, the Court finds that the text message "contacts" are random, fortuitous and attenuated, and cannot form the basis for specific personal jurisdiction. *Burger King Corp.*, 471 U.S. at 475; *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) ("the mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction"); *Mobile Anesthesiologists*, 623 F.3d at 447 ("the cases that have found express aiming have all relied on evidence beyond the plaintiff's mere residence in the forum state"). This record reflects that defendants did not operate nationwide businesses or target customers nationwide, unlike the cases cited by the Sojkas where the courts exercised personal jurisdiction. (Pls. Br. at 4-5.) Accordingly, the Court finds that defendants did not intend to serve the Illinois market and therefore did not purposefully avail themselves of the Illinois forum or create a foreseeable injury in Illinois.

The Sojkas also argue that specific personal jurisdiction exists because defendants have not indicated that it is their policy when receiving a number with a non-Colorado area code to either ask where the consumer resides or to purge telephone numbers of non-Colorado area codes and as a result, defendants should have foreseen being haled into court in a state other than Colorado. However, foreseeability alone is not a sufficient benchmark for personal jurisdiction

6

under the Due Process Clause.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).  The foreseeability that is critical to due process analysis is not the mere likelihood that a product or service (in this case a text-message) will find its way into the forum state, but rather that the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there.  *Id.* at 297.  The Court recognizes that a cell phone prefix, unlike a landline, is not dispositive of the residence, domicile or location of the cell phone owner.  For the reasons above, the Court finds that given defendants' conduct and business models, they could not reasonably anticipate being subject to an Illinois court's jurisdiction.  Accordingly, on this record the Sojkas have failed to meet their burden to establish a prima facie case of personal jurisdiction.  This Court declines to exercise personal jurisdiction over defendants.[1]

**Conclusion**

For the foregoing reasons, defendants' motions to dismiss [39, 49] are granted and the complaint is dismissed in its entirety with prejudice.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: May 20, 2015

---

[1] The complaint also names John Does 1-10 as persons that were involved in sending the text messages. The Sojkas offer no evidence or argument regarding the Does and the record does not support a basis for asserting personal jurisdiction over these defendants.  Accordingly, the Court declines to exercise personal jurisdiction over John Does 1-10.